**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-50349**
**Summary Calendar**

_____


**MARK KYLE,**

**Plaintiff-Appellant,**

**versus**

**INDEMNITY INSURANCE COMPANY**
**OF NORTH AMERICA,**

**Defendant-Appellee.**


_____

**Appeal from the United States District Court**
**for the Western District of Texas, Austin**
**A-00-CV-195-JN**
_____

October 17, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mark Kyle, the plaintiff, appeals the district court's grant of summary judgment for Indemnity Insurance Company of North America ("Indemnity"). For the reasons stated by the district court in its order, we affirm.

The question in this contractual dispute is whether damage to the engine of Kyle's aircraft is covered by a comprehensive

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insurance policy issued by Indemnity.  The insurance policy contains a section entitled "Losses Not Covered," which contains the following sub-section:

> **Wear and tear to engines**.  We will not cover the following types of damage to your aircraft's engines or auxiliary power units:
>
> [1] damage caused by heat that results from the operation, attempted operation, or shutdown of the engine.
>
> [2] damage caused by the breakdown, failure, or malfunction of any engine part or accessory.
>
> [3] damage caused by an object not part of the engine or its accessories, whether the damage results from ingestion of the object or not. . . .

At the summary judgment stage, Indemnity presented evidence that the damage to Kyle's aircraft was caused by excessive heat resulting from the pilot's attempt to start the engine.  Kyle does not dispute that heat caused the damage.  Instead, Kyle insists that the insurance policy is ambiguous because not all heat damage is related to "wear and tear," as that phrase is ordinarily understood.

Kyle's appeal to the everyday understanding of "wear and tear" is inconsistent with the principle that individual phrases must be read in the context of the contract as a whole.  See State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995).  The sub-section heading -- "wear and tear to engines" -- is nothing more than a short-hand introduction to the specific provisions included in that sub-section.  In other words, the contractual

2

meaning of "wear and tear to engines" is supplied by the three specific references (to heat damage, malfunctioning parts, and foreign objects) that follow the caption.  To quote the district court, "The insured must read beyond the caption to ascertain the specific types of damage the policy defines as wear and tear and excludes from coverage."  The judgment is therefore

A F F I R M E D .

3